UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| vs | § | CRIMINAL NO.  B-07-490 |
| GLEN DOUGLAS RACE | § | |

**GOVERNMENT'S MOTION FOR
EXCLUDING PERIOD OF TRIAL DELAY**

COMES NOW the United States Attorney Donald J. DeGabrielle, Jr., for the Southern District of Texas, by and through the undersigned Assistant United States Attorney, and files this its Motion for Excluding Period of Trial Delay, pursuant to 18 U.S.C. § 3161(h)(1)(D) and respectfully would show the Court as follows:

**Charge Against Defendant**

The defendant in the above styled case is currently the subject of an indictment charging  Assaulting, Resisting or Impeding a Federal Officer.  Said offense occurring in Cameron County, with the Southern District of Texas.  The defendant was arrested on May 15, 2007 and, on the following day, had an initial appearance before the Court.  Pursuant to 18 U.S.C. § 3161, trial is to commence within seventy days from the date the defendant has appeared before a judicial officer of the court in which such charge is pending.  Defendant was indicted on June 12, 2007.  Arraignment is set for June 20, 2007.

**Exclusion of Time for Trial**

Section 3161(h)(1)(D) of Title 18 provides that the time set for the conduct of a

trial is subject to exception where there is "delay resulting from trial with respect to other proceedings concerning the defendant, including but not limited to - delay resulting from trial with respect to other charges against the defendant."  "Certain periods of time may be excluded, including 'delay resulting from trial with respect to other charges against the defendant.' 18 U.S.C. § 3161(h)(1)(D)".  *U.S. v. Perez-Perez*, 337 F.3d 990, 995 (8th Cir. 2003)(the period a defendant is "awaiting trial" in state court is excluded).   The court must then find the ends of justice served by taking such action (delay) outweigh the best interest of the public and the defendant in a speedy trial.

## Other Proceedings Concerning Defendand

Defendant is currently charged with Murder in Plattsburgh, Clinton County, New York.  Murder is a 2nd Degree Class A Felony.  Specifically, defendant is charged with intentionally killing Darcy R. Manor on May 10, 2007, by shooting Darcy Manor with a rifle.  Prosecutors have indicated they may upgrade the charge to 1st Degree Murder. When defendant was arrested within this jurisdiction, Clinton County prosecutors began the process to extradite defendant to New York.  On May 25, 2007, defendant appeared before a state district court judge in Cameron County, Texas where he waived extradition and consented, in writing, to be returned to New York.  Thereafter, New York prosecutors promptly obtained an "Order to Produce" (Writ of Prosecution) from the Supreme Court of State of New York, County of Clinton.  The court ordered defendant to be delivered to New York State Police for arraignment on said charge "and to remain in the custody of the New York State Police and/or Sheriff of the County of Clinton, State of New York until said case is finally disposed."

In requesting custody of defendant, State prosecutors indicated, "This murder has shocked the small community of Mooers, New York. By allowing New York's case to take priority...closure for the victim's family and the community...can be achieved." The victim was a husband and father of two young children. On June 7, 2007, Defendant was delivered to New York pursuant to court order (and his waiver of extradition). These series of events preclude the Government from presenting the defendant for trial within the time generally set by statute.

Additionally, defendant is also wanted on a double murder warrant from Nova Scotia, Canada, alleged to have occurred on May 3-4, 2007. Canadian authorities will no doubt also seek his extradition for prosecution.

## **Reason for Excluding Time Period for Trial**

The ends of justice will be served by not presenting the defendant for trial within the time generally set by statute. In this case, delay outweighs the best interest of the public and the defendant in a speedy trial. Justice requires the sovereign of New York be allowed to prosecute defendant. First, defendant is alleged to have committed murder, the most serious violent felony which can be committed. The current federal prosecution, while an assault, alleges bodily injury by biting on "hand and cheek". Secondly, defendant faces a possible life sentence in New York. The federal statute maximum is 20 years. Application of the advisory guidelines may result in a federal sentence of approximately 12 to 18 months. The 70-day period set by the statute provides no compelling reason to proceed on a case where defendant's exposure to prison time is substantially less than the murder charge. Thirdly, the offense in New

York occurred first in time, that is, on May 10, 2007, while the federal offense on May 15th.  Whenever possible, courts should seek to resolve older cases before more recent ones.  Fourth, the defendant himself appeared before the judge of the 138th District Court of Cameron County, Texas and declared in open court, "consent to return to said demanding State (New York)."  Finally, the ends of justice will best be served when the community of Mooers, New York can have this violent felony prosecuted and brought to a conclusion.  Also, for the same general reasons justice will be served when Canadian authorities can also prosecute defendant prior to this prosecution.

   The Government maintains, under 18 U.S.C. § 3161(h)(1)(D), that defendant's proceedings and trial with respect to the murder charge against him constitutes a situation where defendant should not stand trial for this offense within the 70-day time period.  Therefore, delaying trial outweighs the best interest of the public and the defendant to a speedy trial.  Furthermore, the United States Marshals Service has filed a "detainer" on the defendant notifying other jurisdictions of this pending federal charge.  The Marshals Service is ready to assume custody of defendant upon completion of defendant's murder trial.

## **Conclusion**

   For the foregoing reasons, the Government respectfully requests the Court to enter a finding that defendant's delay results from trial with respect to other charges against the defendant and, in addition, that the ends of justice served by taking such action (delay) outweigh the best interest of the public and the defendant in a speedy trial.  This Court is requested to continue the matter for status hearing in September

2007 to determine the earliest possible date on which the trial of defendant can then be commenced.

                RESPECTFULLY SUBMITTED,

                DONALD J. DeGABRIELLE, JR.
                UNITED STATES ATTORNEY

                /s/ Oscar Ponce
                OSCAR PONCE
                Assistant United States Attorney
                Fed Bar No.  11420
                TX Bar No. 16109700
                600 East Harrison Street,  Room 201
                Brownsville, Texas 78520
                Tel. No. (956)  548-2554
                Fax No. (956)  548-2711

## CERTIFICATE OF SERVICE

I hereby certify that on this the  19th   day of June, 2007 a copy of Government's Motion For Excluding Period of Trial Delay will be electronically provided to Timoteo Gomez, Assistant Public Defender, 600 East Harrison Street, Brownsville, Texas 78520, counsel for the defendant.

    /s/ Oscar Ponce
OSCAR PONCE
Assistant United States Attorney

## CERTIFICATE OF CONFERENCE

I hereby certify that I attempted to contact Mr. Timoteo Gomez, counsel for defendant and he was not available, a message was left regarding this motion.

    /s/ Oscar Ponce
OSCAR PONCE